**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JACOB R. PRATT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> E.K. MCDANIEL et al., ) <br> ) <br> Defendants. ) | 3:15-cv-00571-RCJ-VPC <br><br> **ORDER** |

This is a prisoner civil rights complaint under 42 U.S.C. § 1983. The Court now screens the First Amended Complaint ("FAC") under 28 U.S.C. § 1915A.

**I.   LEGAL STANDARDS**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1)–(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule 12(b)(6), and the court applies the same standard under § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). When a court dismisses a complaint upon screening, the plaintiff should be given leave to amend the complaint with directions as to

curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take

judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or in fact. This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. DISCUSSION

The Court dismissed the Complaint it in its entirety upon screening, with leave to amend in part. The Court dismissed the Eighth Amendment claim based on long-term solitary confinement because Plaintiff had alleged only mental injury, not physical injury. *See* 42 U.S.C. § 1997e(e). Plaintiff has filed the First Amended Complaint, which lists only the Eighth Amendment claim. Plaintiff has still not alleged any physical injury. Moreover, the Court notes that the claim is precluded, because the Court adjudicated an essentially identical claim against Plaintiff in 2013. (*See* Order Adopting R&R, ECF No. 33 in Case No. 3:11-cv-604; R&R, ECF No. 31 in Case No. 3:11-cv-604; Am. Compl., ECF No. 5 in Case No. 3:11-cv-604).

## CONCLUSION

IT IS HEREBY ORDERED that the First Amended Complaint (ECF No. 5) is DISMISSED, and the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 13th day of May, 2016.

_____
ROBERT C. JONES
United States District Judge